IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL JAMES, | ) | No. C 10-4247 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) ) | |
| CDCR, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages for alleged civil rights violations. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court dismisses the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1 *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
3 claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
4 statement need only "'give the defendant fair notice of what the . . . claim is and the grounds
5 upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
6 Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
7 plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
8 labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
9 do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."
10 *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A
11 complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*
12 at 1974.

13  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
14 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
15 the alleged violation was committed by a person acting under the color of state law. *See West v.*
16 *Atkins*, 487 U.S. 42, 48 (1988).

17 B.  <u>Legal Claims</u>

18  It is difficult to discern exactly what Plaintiff's specific claims are. His allegations range
19 from prosecutorial misconduct, to a breach of plea agreement, to challenges about the taking of
20 his property.

21  The complaint has several deficiencies that require an amended complaint to be filed.
22 First, the complaint has several claims that are not properly joined under Federal Rule of Civil
23 Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all
24 persons "may be joined in one action as defendants if there is asserted against them jointly,
25 severally, or in the alternative, any right to relief in respect of or arising out of the same
26 transaction, occurrence, or series of transactions or occurrences and if any question of law or fact
27 common to all defendants will arise in the action." The complaint indicates the events happened
28 over the course of several years (but does not specify all the dates), and are against different

defendants.  In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein.  The bottom line is that Plaintiff needs to choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his amended complaint, they will be dismissed.

Second, to the extent that Plaintiff seeks to challenge his conviction or sentence, the appropriate vehicle is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, not a civil rights action under 42 U.S.C. § 1983.

Third, the amended complaint must allege facts that show federal constitutional violations.  The amended complaint should describe what happened, when it happened, and how it violated his constitutional rights.  For example, if Plaintiff were alleging a deliberate indifference to a serious medical need, Plaintiff should explain how he requested medical aid; how many times he requested medical aid; what response, if any, he received; and from whom.  As the complaint currently reads, the Court cannot determine whether Plaintiff has a cognizable claim for any constitutional violation.

Finally, although the complaint names defendants, Plaintiff must allege in his amended complaint who caused those constitutional violations.  He needs to link each defendant to the claims by alleging facts showing the basis for liability for each individual defendant.  He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved person by name and link each of them to the claim(s) by explaining what each defendant did or failed to do that caused a violation of his constitutional rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

## CONCLUSION

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order (C 10-4247 LHK (PR)) and the words

1 AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the
2 prior complaint by reference.  **Failure to file an amended complaint within thirty days and in**
3 **accordance with this order will result in dismissal of this action.**

4       3. Plaintiff is advised that an amended complaint supersedes the original complaint.
5 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
6 in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
7 Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*
8 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

9       4. It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
10 Court informed of any change of address by filing a separate paper with the clerk headed "Notice
11 of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to
12 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
13 of Civil Procedure 41(b).

14       IT IS SO ORDERED.
15 DATED:   11/24/2010                         _____
                                                  LUCY H. KOH
16                                                   United States District Judge